IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RAY SANDERS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:12-CV-421 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY | § | Judge Clark/Judge Mazzant |
| ADMINISTRATION, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action,

this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28

U.S.C. § 636. On January 6, 2014, the report of the Magistrate Judge was entered containing

proposed findings of fact and recommendations that the Commissioner's decision denying

Plaintiff's claim for disability insurance benefits be affirmed [Doc. #17]. On January 20, 2014,

Plaintiff filed objections [Doc. #18].

Plaintiff first objects to the finding of the Magistrate Judge that the Appeals Council's

failure to properly address the opinion of Dr. McKinney, the plaintiff's treating physician, was

not error. Plaintiff contends that where the Appeals Council fails to sufficiently evaluate new

medical evidence that is so inconsistent with the ALJ's findings that it undermines the ultimate

disability determination, then the court must remand for proper consideration of the evidence.

*See, e.g., Booker v. Astrue*, No. 3:10-CV-1940-P (BF), 2011 WL 4031096, at \*7 (N.D. Tex. Aug.

15, 2011); *Brown v. Astrue*, No. 3:10-CV-00275-O-BK, 2010 WL 3895509, at \*5 (N.D. Tex.

Sept. 13, 2010).   This is a correct statement of the law, as cited by many district courts in Texas. However, the plaintiff overlooks the fact that the Magistrate Judge found that the new evidence was not inconsistent with the ALJ's finding, and that the additional evidence, specifically the 2011 MRI and the objective findings by Dr. Naugher, supported the ALJ's findings [Doc. #17 at 6-7].   This is consistent with the opinions cited by the Magistrate Judge, which the plaintiff agrees hold that where the new evidence considered by the Appeals Council did not directly contradict the ALJ's findings or where the new evidence did not contradict all of the ALJ's findings, the failure by the Appeals Council to address the weight accorded to the specific evidence did not per se require remand.   *See Metcalf ex rel. ANM v. U.S. Comm'r Soc. Sec. Admin.*, No. 08-CV-1812, 2009 WL 5174368, at *5 (W.D. La. Dec. 18, 2009); *McGee v. Astrue*, No. 08-CV-0831, 2009 WL 2841113, at *6 (W.D. La. Aug. 28, 2009).   Plaintiff's objection is overruled.

Plaintiff next objects to the finding of the Magistrate Judge that the 2011 MRI and other objective evidence directly contradict Dr. McKinney's opinions [Doc. #18 at 5].   The plaintiff argues that Dr. McKinney used the 2011 MRI as support for his treating opinion that the plaintiff suffers from disabling limitations.   *Id.*   The plaintiff contends that the lay opinion of the Magistrate Judge cannot be used to reject the opinion of Dr. McKinney, a medical professional. *Id.*   The Magistrate Judge considered the totality of the evidence in the record to conclude that substantial evidence supported the ALJ's decision.   The Magistrate Judge noted that Dr. McKinney consistently found Plaintiff's impairments to be "severe"; however, the Magistrate Judge noted that the objective medical records indicated that Plaintiff's condition was mild to moderate.   Considering the 2011 MRI specifically, the Magistrate Judge found that Dr. Naugher, the physician who actually conducted the MRI, found that there was a "mild narrowing of the

midline thecal sac without lateralization… a mild to moderate effacement of the anterior thecal sac, and mild bilateral neural foraminal narrowing" [Doc. #17 at 7]. Dr. Naugher also noted that there was "[n]o significant deformation of the existing nerver roots," and that "[o]therwise, [this was a ] negative MRI of the lumbar spine without contrast." *Id*. Contrary to the plaintiff's assertion, the Magistrate Judge did not assert his own lay opinion of the medical evidence, but, instead, reviewed the findings of another medical professional who actually conducted the MRI in question. Further, the plaintiff provides no reason why the objective medical evidence considered by the Magistrate Judge should be disregarded. The plaintiff simply disagrees with the Magistrate Judge's finding that objective medical evidence contradicted the opinion of Dr. McKinney. This is not a proper basis for an objection, and the plaintiff's objection is overruled.

Finally, the plaintiff objects to the finding of the Magistrate Judge that the ALJ was permitted to disregard the treating and examining physicians' opinions for good cause. Plaintiff contends that the ALJ's decision to reject the opinions of Drs. McKinney and Ouseph, Plaintiff's treating physicians, in favor of the opinions of the non-examining medical expert, Dr. Simonds, warrants remand. The Court disagrees. The Magistrate Judge found that the ALJ had good cause to reject the treating opinion of Dr. McKinney because his findings "were neither well supported by clinical and laboratory diagnostic techniques, nor were they consistent with the other substantial evidence in the record" [Doc. #17 at 9-10]. The Magistrate Judge pointed out several occurrences in the record where Dr. McKinney's findings contradicted the objective medical evidence. The plaintiff disagrees with this contention, arguing that Dr. McKinney's opinions were consistent with the opinions of the plaintiff's treating chiropractor and the findings of two consultative examiners, Dr. Patel and Dr. McHenry. However, as the Magistrate Judge noted, the objective medical evidence, such as x-rays and MRIs, noted that although the plaintiff

had a chronic, degenerative condition, it was not disabling.  Dr. McKinney's opinions were not consistent with the medical evidence in the record, and the ALJ was entitled to disregard it.

Plaintiff also argues that the Magistrate Judge concedes that the ALJ failed to state why he did not rely on Dr. Ouseph's medical opinion.  However, the Magistrate Judge concluded that even if the ALJ did address Dr. Ouseph's opinion, this would do little to impact the plaintiff's current disability assessment [Doc. #17 at 11].  In considering the plaintiff's mental health, the ALJ relied on Dr. Patel's mental health status examination, which revealed concentration deficits, and Dr. Simonds' opinion that Plaintiff had the mental capacity to do some work.  The Magistrate Judge found that substantial evidence supported this finding by the ALJ, and that the ALJ took into consideration the mental limitations of the plaintiff in his RFC assessment. Plaintiff's objection regarding the failure of the ALJ to give the treating physicians' opinions controlling weight is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law.  After careful consideration, the court concludes the plaintiff's objections are without merit and are, therefore, overruled.

It is, therefore, **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

So **ORDERED** and **SIGNED** this **8**  day of **February, 2014.**

_____
Ron Clark, United States District Judge